**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RANDOLPH WILKINS,**     **CASE NO. 2:06-cv-00027**
                          **JUDGE FROST**
           **Petitioner,**  **MAGISTRATE JUDGE KEMP**

**v.**

**DEB TIMMERMAN-COOPER, Warden,**

           **Respondent.**

**OPINION AND ORDER**

On December 20, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED** and this action is hereby **DISMISSED**.

Petitioner asserts in this federal habeas corpus petition that he was denied his right to confront witnesses against him and due process by the use of video teleconferencing at his parole revocation hearing. Petitioner alleges that he was entitled to physically confront witnesses against at him at his parole revocation hearing, absent a prior finding of good cause by the hearing officer under *Morrissey v. Brewer*, 408 U.S. 471 (1972). Petitioner objects to the Magistrate Judge's recommendation that this claim be dismissed on the merits.

Petitioner first objects to the Magistrate Judge's conclusion the  state courts did not contravene or unreasonably apply federal law as determined by the United States Supreme Court in denying his claim, and the Magistrate Judge's conclusion that the state court's decision did not

constitute an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. §2254(d)(1), (2). Petitioner contends that the Magistrate Judge employed a "heightened standard of review" beyond that required under 28 U.S.C. §2254(d)(1), (2), by stating that the record failed to indicate that the state court's decision denying his claim was "so unreasonable" as to justify federal habeas corpus relief. *Objections*, at 3. He again argues that the Constitution requires the Court to examine whether good cause existed to deny him face-to-face confrontation. He objects to the Magistrate Judge's conclusion that he failed to rebut the presumption of correctness provided to factual findings of the state appellate court under 28 U.S.C. §2254(e), and complains that the Magistrate Judge failed sufficiently to address his evidence that the state court findings were unreasonable. *Objections*, at 4. Finally, petitioner objects to the Magistrate Judge's rejection of his argument that he was denied due process by use of video teleconferencing at his parole revocation hearing, in view of the penalty he received for committing rape while released on parole. *Objections,* at 5. After careful review of the entire record, the Court is not persuaded by any of petitioner's arguments.

As discussed by the Magistrate Judge, and contrary to petitioner's argument here, the Supreme Court in *Morrissey v. Brewer, supra*, 408 U.S. at 489, did not hold that face-to-face physical confrontation by a criminal defendant of witnesses against him at a parole revocation hearing is mandated absent a demonstration of good cause by the parole officer, but that minimum requirements of due process in parole revocation hearings include, *inter alia*, the "right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Id*. As discussed in the *Report and Recommendation*, the Supreme Court emphasized in *Morrissey v. Brewer* that parole revocation hearings were not equal to criminal

prosecutions "in any sense" and "should be flexible enough to consider evidence... not... admissible in an adversary criminal trial." *Id.*, at 489-90. In subsequently applying the due process requirements of *Morrissey v. Brewer* to probation revocation hearings, the Supreme Court further stated:

> While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in *Morrissey* intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence. Nor did we intend to foreclose the States from holding both the preliminary and the final hearings at the place of violation or from developing other creative solutions to the practical difficulties of the *Morrissey* requirements.

*Gagnon v. Scarpelli,* 411 U.S. 778, 788 (1973). In view of the foregoing, this Court agrees with the conclusion of the Magistrate Judge that the requirements of *Morrissey v. Brewer* were met in this case, and that the state court's decision denying petitioner's claim does not warrant federal habeas corpus relief. *See* 28 U.S.C. §2254(d), (e)*; Maldonado v. Wilson*, 416 F.3d 470, 475 (6th Cir. 2005), citing *Williams v. Taylor*, 529 U.S. 362 (2000). It is undisputed that petitioner and his attorney were able to confront and cross examine all of the witnesses who testified against petitioner at his parole revocation hearing, albeit via video teleconferencing technology, wherein petitioner, his attorney, and the hearing officer were located at the Southern Ohio Correctional Facility, in Lucasville, Ohio, and the witnesses testified from Akron, Ohio. *See* Exhibit 21 to Return of Writ.

Petitioner, however, disputes the state appellate court's factual finding that

> use of video teleconferencing technology permitted free and unimpeded visual and auditory communication between the hearing officer, witnesses, Wilkins, and the respective counsel

and therefore

> was functionally equivalent to live, in-person testimony.

Exhibit 21 to Return of Writ. This Court notes that the Ohio Court of Appeals further stated:

3

> Although the positioning of the camera and monitor at SOCF may not have been ideal – *i.e.*, the camera was positioned slightly to the right of the monitor rather than being mounted directly on or above the monitor – we cannot conclude that this positioning denied Wilkins the right of confrontation in this parole revocation setting.
>
> ... A review of the videotape of the parole revocation hearing reveals that witnesses could be adequately seen and heard and that Wilkins's counsel could readily cross-examine the witnesses during the hearing.
>
> We also agree with the trial court that Dr. Acker's report/affidavit does not create a material issue of fact barring summary judgment. A review of the videotape of the parole revocation hearing reveals that witnesses could be adequately seen and heard and that Wilkins's counsel could readily cross-examine the witnesses during the hearing. Dr. Acker's opinion that communicating by videoconferencing is less effective than communicating face-to-face does not create a material issue of fact with respect to whether due process requirements have been satisfied. That is primarily a question of law based upon facts that are undisputed

*Id*. Petitioner, however, contends that the state appellate court's factual findings are unreasonable in view of the affidavit of Stephen R. Acker, alleged problems in camera placement, and the Deposition of Trayce Thalheimer. *See Objections*, at 4; *Traverse*, at 5. Specifically, petitioner refers to Thalheimer's testimony that some of the witnesses at the parole revocation hearing did not look directly into the camera at all times:

> They all testified to the screen.... I believe there were times when everybody turned or looked away, turned their head; but you could see everyone's face, everyone's body, what part of the body you could see.
>
> \*\*\*
>
> I believe there [was]... one occasion where the voice didn't match the mouth and one where I believe it froze.

*Deposition of Trayce Thalheimer, Exhibit 26 to Return of Writ*, at 42, 44-45.

> Q. And how was that resolved?

4

>    A. As I recall, I believe we... totally shut down the system and started it back up again.

*Id.*, at 52. After review of the entire record, and without recounting here the entire contents of Thalheimer's deposition or Acker's affidavit, this Court agrees that nothing therein or in the record provided to this Court establishes that the state appellate court's factual findings were unreasonable in view of the evidence that was presented. *See* 28 U.S.C. §2254(e). Notably, the state courts reviewed the videotapes of petitioner's parole revocation hearing prior to making the factual findings at issue here. *See* Exhibit 21 to Return of Writ. In short, the record fails to reflect that petitioner is entitled to federal habeas corpus relief.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. After careful review of the entire record, this Court is not persuaded by any of petitioner's arguments. Further, the Court is not persuaded that the Magistrate Judge held the petitioner to an improperly high burden of proof, but merely stated that petitioner's claim did not rise to the level of unreasonableness required by the AEDPA. The Court applies that standard in reviewing this claim. For the foregoing reasons and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.

This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　 /s/ Gregory L. Frost
　　　　　　　　　　　　　　　　　　　　　　GREGORY L. FROST
　　　　　　　　　　　　　　　　　　　　　　United States District Judge