**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **RANDOLPH WILKINS,** | **CASE NO. 2:06-cv-00027** |
| | **JUDGE FROST** |
| **Petitioner,** | **MAGISTRATE JUDGE KEMP** |
| v. | |
| **DEB TIMMERMAN-COOPER, Warden,** | |
| **Respondent.** | |

**OPINION AND ORDER**

On February 12, 2007, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's March 14, 2007, notice of appeal and his request to proceed *in forma pauperis* on appeal. Doc. Nos. 18, 19. For the reasons that follow, petitioner's request for a certificate of appealability and his request to proceed *in forma pauperis* on appeal, Doc. Nos. 18, 19, are **GRANTED.**

In this federal habeas corpus petition, petitioner asserts:

> 1. The use of videoconferencing at petitioner's parole revocation hearing violated his right to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution.
>
> Petitioner was an Ohio parolee accused of rape. When the local prosecutor did not obtain a conviction for the alleged offense, the Ohio Adult Parole Authority initiated revocation proceedings based upon the rape accusation. The alleged victim and petitioner's parole officer testified in Akron, Ohio, while petitioner, his attorney and the hearing officer watched the proceedings via video conference in Lucasville at the Southern Ohio Correctional Facility. At the conclusion of the hearing, the hearing officer stated that she believed the alleged victim's allegation and revoked petitioner's parole.
>
> 2. The use of videoconferencing, without good cause, at petitioner's parole revocation hearing denied petitioner his right to confront

>adverse witnesses in violation of the Fifth and Fourteenth Amendments of the United States Constitution.
>
>In addition to the facts stated above, the use of the video conference technology denied petitioner the ability to confront his accuser. This would have been so even if the video equipment ha[d] worked flawlessly; as it was, the audio was at times distorted and unsynchronized with the video and the video alternatively froze and jerked.

On February 12, 2007, petitioner's claims were denied on the merits.

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 120 S.Ct. 1595 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show

>that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id.* Upon review of the record, the Court concludes that reasonable jurists could debate whether the petition should have been resolved differently. *Id.* Petitioner's request for a certificate of appealability therefore is **GRANTED.**

The following issue is certified for appeal:

>Did the use of videoconferencing at petitioner's parole revocation hearing violate petitioner's right to due process or the Confrontation Clause?

The Court must also consider petitioner's motion for leave to proceed *in forma pauperis* on appeal. Because the filing fee assessment procedures prescribed by the Prison Litigation Reform Act are not applicable to appeals taken in habeas corpus matters, *see Kincade v. Sparkman*, 117 F.3d

949 (6th Cir. 1997), the issue is simply whether petitioner can afford the $455.00 filing fee for an appeal. Petitioner was previously granted pauper status, and remains incarcerated. He was represented by the public defender in these §2254 proceedings. The attorney for petitioner states that petitioner's request to proceed *in forma pauperis* on appeal will be supplemented with an affidavit from petitioner and a cashier's statement from the prison where petitioner is incarcerated, but that these documents are not completed at this time. *Motion to Proceed In Forma Pauperis*, Doc. No. 19.

>Federal Rule of Appellate Procedure 24(a) provides in relevant part:
>
>>(1) Motion in the District Court**.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that:
>>
>>(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>>(B) claims an entitlement to redress; and
>>
>>(C) states the issues that the party intends to present on appeal.
>>
>>\*\*\*
>>
>>(3) Prior Approval. A party who was permitted to proceed *in forma pauperis* in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal *in forma pauperis* without further authorization, unless:
>>
>>(A) the district court--before or after the notice of appeal is filed-- certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding; or

3

    (B) a statute provides otherwise.

Petitioner's request to proceed *in forma pauperis* on appeal therefore is **GRANTED**.

  **IT IS SO ORDERED**.

                /s/ Gregory L. Frost
                GREGORY L. FROST
                United States District Judge